UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X
Ann Marie Delia, William Delia, Robert
Sweeney, Veronica Sweeney, Tara Sroka          CV-08-4758(CPS)(SMG)
f/k/a/ Tara Sweeney, and Ludvig Haugedal,

                        Plaintiffs,              MEMORANDUM
                                                 AND ORDER

          - against -

The Leverage Group, Leverage Option
Management Co., Inc., Leverage Management
LLC, North American Financial, Philip
Barry LLC, Philip Barry, HK Holdings,
LLC, and Joseph's Development Corporation,
                        Defendants.
-----------------------------------------X
SIFTON, Senior Judge.


        Plaintiffs Ann Marie Delia, William Delia, Robert Sweeny,

Veronica Sweeny, Tara Sroka f/k/a Tara Sweeny, and Ludvig

Haugedal commenced an action against defendants the Leverage

Group ("Leverage Group"), Leverage Option Management Co., Inc.

("Leverage Option Management"), Leverage Management, LLC

("Leverage Management"), North American Financial ("North

American"), Philip Barry ("Barry"),[1] and Philip Barry, LLC

("Barry, LLC")[2] (collectively, "defendants") on November 24,

2008, after several other groups of plaintiffs filed similar

---
[1]On November 7, 2008, all proceedings against defendant Barry were
stayed by the Bankruptcy Court. On November 20, 2008, Barry, LLC filed for
bankruptcy. On January 21, 2009, the Barry, LLC action was dismissed by the
Bankruptcy Court. On January 23, 2009, the Bankruptcy Court lifted the stay.

[2]See previous note.

actions.[3]  These cases were consolidated for pretrial purposes on
November 17, 2008. On December 24, 2008, all plaintiffs filed an
Amended Consolidated Complaint, which included the following
additional defendants: Saint Joseph's Development Corporation and
HK Holdings, LLC.[4] The Amended Complaint included causes of
action for violation of federal and New Jersey securities law,
federal and New Jersey RICO, fraud, conversion, negligent
misrepresentation, breach of fiduciary duty, breach of contract,
breach of implied covenants of good faith and fair dealing, and
unjust enrichment. Plaintiffs seek compensatory, consequential,
and punitive damages, attorneys' fees, and costs. Presently
before this Court is the Delia plaintiffs' motion to attach
certain assets belonging to the defendants. Defendants have not
opposed this motion.

For the reasons set forth in my prior ruling in *Monteleone*

---

[3]The full list of plaintiffs in this consolidated action is as follows:
Frances Monteleone, Linda Rodriguez, Elyse Scileppi, Frank J. Monteleone,
Wendy Monteleone (the "Monteleone plaintiffs"); Margaret Schaefer Barglow,
Raymond Barglow, Pamela Montanaro, Siri Scull, Charles Scull, Robert Wolfson,
Mahala Pugatch (the "Barglow plaintiffs"); Gene Bianco, Anita Bianco (the
"Bianco plaintiffs"); Carl Gambello, Carole Gambello, Adele Disarmato (the
"Gambello plaintiffs"); Miriam Greenberger (the "Greenberger plaintiff");
Philip M. Bray, Ingrid Noreiko-Bray, Label Service, Inc., Noray Charitable
Remainder Unitrust (the "Bray plaintiffs); Amadeo Delmonaco, Piedad Delmonaco
Michelle Delmonaco, Brandon Delmonaco, Nicole Delmonaco, Rosa Armetta,
Karamchad Balkaran, Gino Citro, Steven Doyle, Keith Pennington, Joseph
Fontana, Marco Fontana, Nunzio Fontana, David Breiner, Marc Kowalski, George
Trivino, German Valdavia, Mazine Albert (the "Delmonaco plaintiffs"); Ann
Marie Delia, William Delia, Robert Sweeney, Veronica Sweeney, Tara Sroka
f/k/a/ Tara Sweeney, Ludvig Haugedal (the "Delia plaintiffs"); Brian Marchese,
Ruth Marchese, and Michael Marchese (the "Marchese plaintiffs").

[4]These defendants have not yet appeared by an attorney. The Delia
plaintiffs seek an attachment against the original defendants only.

*et al. v. Leverage Group et al.,* 2008 U.S. Dist. LEXIS 78983
(E.D.N.Y. October 7, 2008) ("*Monteleone*"), and the additional
findings of fact and conclusions of law set forth below, the
motion is granted.

## Background

Familiarity with the defendant parties and procedural
history is assumed. The following facts are drawn from the Delia
plaintiffs' complaint, and are substantially similar to the facts
of the *Monteleone* case. Defendants do not dispute any of the
facts alleged plaintiffs.

*The Plaintiffs*

Plaintiff Ann Marie Delia is the Administratrix of the
Estate of her late father, William A. Delia, who died on October
1, 2004, and was a resident of Brooklyn, New York. Robert Sweeney
and Veronica Sweeney are married and reside in Brooklyn, New
York. Tara Sroka resides in New York, New York. Ludvig Haugedal
resides in Brooklyn, New York.

*Facts Common to All Counts*

Over the course of approximately twenty years, defendants
solicited investments from plaintiffs by promising that they
would provide safe investment opportunities with guaranteed
returns. Complaint at ¶ 15. Plaintiffs relied on defendants'
written guarantee that the investments would earn a minimum

12.55% annual return. *Id.* Defendants failed to make all of the
promised interest payments, and when plaintiffs attempted to
withdraw their principal amounts, they were told that the funds
were not available. *Id*. at ¶ 16. Defendants made the following
statements to each of the plaintiffs, which plaintiffs later
learned to be false: (1) that Barry was a professional licensed
investment manager with a successful track record in managing
investments for individuals; (2) that this track record went back
to 1977; (3) that the Leverage companies had excellent
performance records; (4) that the Leverage companies had
consistently earned annual returns of 12.55%; (5) that investment
in the Leverage companies would be safe; (6) that investment in
the Leverage companies would earn a guaranteed minimum annual
return of 12.55% or, in some instances, 36%; (7) that interest
income would be paid quarterly; (8) that funds invested in the
Leverage companies would be held in segregated accounts for each
investor; (9) that investors would receive quarterly statements
evidencing the change in their accounts over each quarter; and
(10) that investors in the Leverage companies would be able to
liquidate their accounts upon request. *Id*. at ¶ 18.

*Individual Plaintiffs*

While Mr. Delia was alive, he at various times invested sums
of money with defendants. *Id*. at ¶ 21. Plaintiff Estate alleges
that, as of March 31, 2008, its account had a balance of

$460,650, which has not been returned despite its requests that
defendants do so. *Id.*

Ann Marie Delia invested $133,749.78 with defendants. *Id*. at
¶ 22. Defendants have not made all of the interest payments that
were agreed upon. *Id.* Plaintiff Ann Marie Delia alleges that, as
of March 31, 2008, her account had a balance of $133,749.78,
which has not been returned despite her requests that defendants
do so. *Id*.

Robert Sweeney and Veronica Sweeney invested $16,000 with
defendants on October 6, 1994, $50,000 on September 8, 1997, and
$10,000 on June 17, 2003. *Id*. at ¶ 23. Defendants have not made
all of the interest payments that were agreed upon. Plaintiffs
Robert and Veronica Sweeney allege that, as of June 30, 2008,
their account had a balance of $247,613.53, which defendants have
not returned despite their requests that defendants do so. *Id*.

Tara Sroka invested $10,000 initially. *Id*. at ¶ 24.
Defendants have not made the agreed upon interest payments. As of
June 30, 2008, Tara Sroka alleges that her account had a balance
of $35,824.78, which defendants have not returned despite their
requests that defendants do so. *Id*.

Ludvig Haugedal invested $10,000 with defendants.
Defendants have not made the agreed upon interest payments. As of
June 30, 2008, Ludvig Haugedal alleges that his account had a
balance of $35,894.51, which defendants have not returned despite

their requests that defendants do so. *Id.*

## Discussion

Plaintiffs request an order of attachment, pursuant to Rule 64 of the Federal Rules of Civil Procedure and N.Y. C.P.L.R. § 6201 ("§ 6201"), directing levy upon the identified real and personal property within defendants' ownership, possession, custody, or control. Under Rule 64, attachment is available in the manner provided by the law of the state in which the district court is held. *See* Fed.R.Civ.P. 64. New York law requires that plaintiffs seeking attachment must show by affidavit (1) that there is a cause of action, (2) that there is a probability of success on the merits, (3) that a ground for attachment listed in § 6201 exists, and (4) that the amount demanded from defendants exceeds all counterclaims known to plaintiffs. *See* N.Y. C.P.L.R. § 6212(a) ("§ 6212(a)"). Plaintiffs have submitted an affidavit attesting to the veracity of these claims. *See* Affidavit of Robert K. Marchese.

Plaintiffs have presented sufficient evidence that they deposited investment funds with defendants that have not been returned upon request as required by contract and that are currently unaccounted for. Plaintiffs have also presented evidence that defendants have engaged in misrepresentation regarding the nature of the investment and the status of the

investment monies when inquiries were made. Plaintiffs have fulfilled the first requirement of § 6212(a). Plaintiffs have also satisfied the fourth requirement that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff, as defendant has not made any counter-claims against these plaintiffs at this time.

*Likelihood of Success on the Merits*

Plaintiffs allege that defendants committed fraud. Under New York law, a fraud claim consists of five elements: 1) a representation of material fact; 2) that was false; 3) scienter; 4) reliance by the plaintiff; and 5) injury. *See Vermeer Owners, Inc. v. Guterman*, 78 N.Y.2d 1114, 1116, 585 N.E.2d 377, 578 N.Y.S.2d 128 (1991). Rule 9(b) of the Federal Rules of Civil Procedure requires that the circumstances constituting fraud or mistake shall be stated with particularity. Fed. R. Civ. P. 9(b). However, "[m]alice, intent, knowledge, and other conditions of mind of a person's mind may be alleged generally." *Id*. The rule is "intended to ensure that each defendant is provided with reasonable detail concerning the nature of his particular involvement in the alleged fraud." *The Equitable Life Assurance Society v. Alexander Grant & Co.*, 627 F.Supp. 1023, 1028 (S.D.N.Y. 1985). Fraud allegations in a complaint therefore must: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when

the statements were made, and (4) explain why the statements were fraudulent." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Although the scienter requirement need not be plead with particularity, "[i]n order to avoid abuse... plaintiffs are required to allege facts that give rise to a strong inference of fraudulent intent." *Campaniello Imports, Ltd. v. Saporiti Italia S.P.A.*, 117 F.3d 655, 663 (2d Cir. 1997) (internal quotation marks and citations omitted). The requisite "strong inference" of fraud may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness. *Shields*, 25 F.3d at 1128.

Plaintiffs have satisfied the pleading requirements for fraud and have shown a likelihood of success on the merits. Plaintiffs have made a showing that defendants misrepresented the nature and conditions of the investment, that they knew their statements were false, and that plaintiffs relied on these statements to their detriment. *Inter alia*, they have stated that defendants repeatedly claimed that the investments were safe and that plaintiffs would be able to withdraw their principal at any time, both of which statements were knowingly false. I find that

plaintiffs are likely to succeed on their fraud claim.[5]

*Grounds for Attachment*

To establish the relevant grounds for attachment, plaintiffs (a) must be seeking a money judgment, and (b) must show that defendants, "with intent to defraud creditors or frustrate enforcement of a judgment that might be rendered in plaintiffs' favor, [have] assigned, disposed of, encumbered or secreted property, or removed it from the state or [are] about to do any of these acts." § 6201(3). The complaint seeks a money judgment, thereby satisfying the first requirement.

Based on plaintiffs' uncontroverted allegations and on my prior ruling, I find that defendants have assigned, disposed of, encumbered or secreted property. Money belonging to plaintiffs is unaccounted for even after repeated requests by plaintiffs. Furthermore, as found in my prior ruling, defendants used Leverage Group investor money to buy the building in Kings County that is the defendants' place of business, and in all likelihood, plaintiffs' money was used to purchase or maintain some of the properties that are being sought to be attached. Bank statements also show that Barry used the accounts into which he directed the investors to deposit funds to make payments on various mortgages and also of his personal living statements. Furthermore, Barry

---

[5]Because I find that plaintiffs are likely to succeed on the merits on this claim, I need not consider the other claims.

has made several unexplained transfers of real property to Philip Barry LLC. Defendants have thus dissipated investor funds and thereby disposed of property within the meaning of § 6201(3). Defendants do not dispute this evidence of past disposal.

I also find that there is strong evidence of an intent to defraud. Defendants induced plaintiffs to give defendants money with false promises. When plaintiffs became suspicious and sought return of their money, defendants refused. Defendants offered changing stories for why the money could not be delivered. Defendants have refused to identify the money and how it was invested. These facts support a finding of intent to defraud.

*Reverse veil piercing*

Properties subject to the attachment include those attributable to Barry's privately held entities, Philip Barry, LLC and Leverage Management, LLC, which have no business purpose or holdings other than the real property that plaintiffs seek to attach. Plaintiffs can attach the real estate owned by these companies because plaintiffs have made a showing sufficient to disregard the corporate form, and it is therefore appropriate to attach properties held by corporate defendants in this case.

**Conclusion**

For the reasons set forth herein, plaintiffs' emergency motion to attach certain assets belonging to the defendants is

granted. The Clerk is directed to transmit a copy of the within

to all parties and the assigned Magistrate Judge.

SO ORDERED.


Dated :    Brooklyn, New York
           February 2, 2009


                    By: <u>/s/ Charles P. Sifton (electronically signed)</u>
                              United States District Judge